1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL LAURENCE HOKE,                    Case No.  2:25-cv-0275-JDP (P)

12              Plaintiff,                      ORDER

13       v.

14   M. NUNEZ, *et al.*,

15              Defendants.

16

17

18       Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against M. Nunez, a

19   counselor at plaintiff's facility, and C. Cser, a correctional officer, alleging that defendants

20   misclassified plaintiff upon his arrival.  ECF No. 1.  The allegations fail to state a claim.  Plaintiff

21   may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.  I will

22   grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

23                     **Screening and Pleading Requirements**

24       A federal court must screen the complaint of any claimant seeking permission to proceed

25   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28   relief.  *Id.*

                                        1

1       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10   n.2 (9th Cir. 2006) (en banc) (citations omitted).

11       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                          **Analysis**

19       Plaintiff alleges that Nunez, Cser, and others on plaintiff's classification team violated his

20   due process rights when they misclassified him upon his arrival at California Medical Facility.

21   ECF No. 1 at 3.  He asserts that Nunez used incorrect information to classify him as an "'R'

22   suffix sex offender."  *Id.*  He also alleges that Nunez gave him incorrect information to persuade

23   him against filing a grievance.  *Id.*  He alleges that Nunez told him that it would be pointless to

24   file a grievance because plaintiff's classification hinged on records provided to Nunez and not

25   Nunez's own opinions.  *Id.*  He acknowledges that he pled guilty to crimes against his ex-wife,

26   but he asserts that he should not be classified as a sex offender.  *Id.* at 4.  He appears to bring this

27   claim under the Fourteenth Amendment to the federal constitution, and defamation of character

28   and due process under state law.  *Id.* at 3.

1    Plaintiff fails to state a claim.  First, plaintiff fails to adequately allege a Fourteenth

2    Amendment claim based on his misclassification.  To bring a Fourteenth Amendment due process

3    claim, a plaintiff must allege that (1) he had a life, liberty, or property interest that the state

4    deprived him of and (2) the procedures related on that deprivation were constitutionally

5    insufficient.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  Plaintiff neither alleges

6    that any constitutionally protected interest was impacted by his misclassification nor does he

7    explain how the process of his misclassification was constitutionally insufficient.  *See* ECF No. 1

8    at 3.  As such, plaintiff fails to allege a Fourteenth Amendment due process claim.  *See Barno v.*

9    *Ryan*, No. 07-CV-1373 JM (WMC), 2008 WL 4951593, at *2-3 (S.D. Cal. Nov. 17, 2008)

10    (dismissing plaintiff's due process claim with leave to amend because he failed to allege what

11    constitutionally protected interest was impacted by his initial misclassification as a sex offender).

12    Necessarily, plaintiff also fails to adequately allege a due process violation under California state

13    law.  *See Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 967-68 (9th Cir. 2011)

14    (analyzing a federal due process and California due process claim together because they involve

15    the same elements—whether the plaintiff had a protected interest and whether plaintiff received

16    the process he was due).

17    Plaintiff also fails to adequately allege a state law defamation claim.  A California

18    defamation claim has the following elements: (1) publication (2) of false information (3) that is

19    defamatory and (4) unprivileged, which (5) has the natural tendency to injure or cause special

20    damage.  *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1172 (E.D. Cal. 2020)

21    (citing *Redfearn v. Trader Joe's Co.*, 230 Cal. Rptr. 3d 98, 112 (Cal. Ct. App. 2018), *disapproved*

22    *of on other grounds by Ixchel Pharma, LLC v. Biogen, Inc.*, 266 Cal. Rptr. 3d 665 (Cal. 2020)).

23    Publication is a necessary element of a defamation claim.  *Id.*  Here, plaintiff's allegation is

24    simply that he was misclassified as a sex offender based on incorrect information.  *See* ECF No. 1

25    at 3.  He neither alleges that this misclassification was published anywhere, nor that anyone other

26    than those who misclassified him knew of this allegedly false information.  As such, plaintiff's

27    defamation claim fails.

28

3

1      Finally, to the extent plaintiff can be deemed to be bringing an Eighth Amendment claim

2  based on his misclassification, misclassification alone is not condemned by the Eighth

3  Amendment.  *See Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007) ("Because the mere act of

4  classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth

5  Amendment.'" (citation omitted)); *see also Clark v. Moreno*, No. 5:21-cv-00790-MCS-PD, 2023

6  WL 6520540, at *5 (C.D. Cal. Aug. 29, 2023) ("Neither misclassification of an inmate nor

7  confinement of an inmate in administrative segregation due to misclassification satisfies this

8  [Eighth Amendment "sufficiently serious"] standard.").

9      Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow

10  plaintiff a chance to amend his complaint before recommending that this action be dismissed.

11  Plaintiff should also take care to add specific factual allegations against each defendant.  If

12  plaintiff decides to file an amended complaint, the amended complaint will supersede the current

13  one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means

14  that the amended complaint will need to be complete on its face without reference to the prior

15  pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no

16  longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

17  need to assert each claim and allege each defendant's involvement in sufficient detail.  The

18  amended complaint should be titled "First Amended Complaint" and refer to the appropriate case

19  number.  If plaintiff does not file an amended complaint, I will recommend that this action be

20  dismissed.

21      Accordingly, it is hereby ORDERED that:

22      1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

23      2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

24      3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

25  complaint or (2) notice of voluntary dismissal of this action without prejudice.

26      4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

27  result in the imposition of sanctions, including a recommendation that this action be dismissed

28  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4

1      5. The Clerk of Court shall send plaintiff a complaint form with this order.

2

3    IT IS SO ORDERED.

4

Dated:    April 15, 2025    _____

5                           JEREMY D. PETERSON
                           UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28