UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAURENCE HOKE, | Case No. 2:25-cv-0275-JDP (P) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| M. NUNEZ, *et al.*, | |
| Defendants. | |

On April 16, 2025, I screened plaintiff's complaint and notified him that it did not state a claim. ECF No. 5. I ordered him to file, within thirty days, either an amended complaint or a voluntary notice of dismissal. *Id.* To date, plaintiff has not filed any response.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his

1

failure to file an amended complaint. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint.

IT IS SO ORDERED.

Dated:    May 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE