1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL LAURENCE HOKE,                 Case No.  2:25-cv-0275-JDP (P)

12              Plaintiff,

13        v.                                 ORDER; FINDINGS AND
                                             RECOMMENDATIONS
14    M. NUNEZ, *et al.*,

15              Defendants.

16

17        On April 16, 2025, I screened plaintiff's complaint and notified him that the complaint

18    failed to state a claim.  ECF No. 5.  I ordered him to file, within thirty days, an amended

19    complaint or a notice of voluntary dismissal.  *Id.*  Plaintiff failed to timely file an amended

20    complaint or otherwise to respond to the court order.  Therefore, on May 29, 2025, I ordered

21    plaintiff to show cause why this action should not be dismissed for his failure to prosecute, failure

22    to comply with court orders, and failure to state a claim.  ECF No. 8.  I notified plaintiff that if he

23    wished to continue with this lawsuit, he must file an amended complaint.  I also warned plaintiff

24    that failure to comply with the May 29, 2025 order would result in a recommendation that this

25    action be dismissed.  *Id*.  The deadline for plaintiff to file an amended complaint and response to

26    the order to show cause has passed without word from plaintiff.

27        The court has the inherent power to control its docket and may, in the exercise of that

28    power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,

                                             1

1  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

2  comply with these Rules or with any order of the Court may be grounds for imposition by the

3  Court of any and all sanctions . . . within the inherent power of the Court.").

4       A court may dismiss an action based on a party's failure to prosecute an action, failure to

5  obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54

6  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

7  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

8  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

9  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

10  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

11  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

12  prosecution and failure to comply with local rules).

13       In recommending that this action be dismissed for failure to comply with court orders, I

14  have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's

15  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

16  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

17  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

18       Here, plaintiff has failed to respond to court orders directing him to file an amended

19  complaint.  *See* ECF Nos. 5 & 8.  Therefore, the public interest in expeditious resolution of

20  litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all

21  support imposition of the sanction of dismissal.  Lastly, the court's warning to plaintiff that

22  failure to obey court orders will result in dismissal satisfies the "considerations of the

23  alternatives" requirement.[1]  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779

24  F.2d at 1424.  Plaintiff had adequate warning that dismissal could result from his noncompliance.

25  Accordingly, I find that the balance of factors weighs in favor of dismissal.

26

27

28  [1] The May 29, 2025 order expressly warned plaintiff that his failure to comply with court orders would result in dismissal.  ECF No. 8.

2

1    Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district

2  judge to this action.

3    Further, it is hereby RECOMMENDED that:

4    1.  This action be DISMISSED without prejudice for failure to prosecute, failure to

5  comply with court orders, and failure to state a claim for the reasons set forth in the April 16,

6  2025 order.  *See* ECF No. 5.

7    2.  The Clerk of Court be directed to close the case.

8    These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

10  service of these findings and recommendations, any party may file written objections with the

11  court and serve a copy on all parties.  Any such document should be captioned "Objections to

12  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

13  within fourteen days of service of the objections.  The parties are advised that failure to file

14  objections within the specified time may waive the right to appeal the District Court's order.  *See*

15  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

16  1991).

17

IT IS SO ORDERED.

18

19

Dated:   July 7, 2025                                                    _____

20                                                                           JEREMY D. PETERSON
                                                                             UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28
                                                 3